UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

**In re Athena Construction, LLC**        **Civil Action No. 06-2004**
**& 4-K Marine, LLC, et al**             **W/ 06-2366**

                            **Judge Tucker L. Melançon**

                            **Magistrate Judge Mildred E. Methvin**

**MEMORANDUM RULING**

Before the Court is a Motion for Summary Judgment on Punitive Damages [Rec. Doc. 81] filed by plaintiffs in limitation, the M/V MISS MEGAN, 4-K Marine, L.L.C. and Central Boat Rentals, Inc., adopted by consolidated plaintiff in limitation, Athena Construction, L.L.C. [Rec. Docs. 107, 108 ]; a Memorandum in Opposition thereto [Rec. Doc. 85] filed by claimants, Scott Rink, Tysie Rink, and Janet Boudreaux Rink; a Memorandum in Opposition [Rec. Doc. 88] filed by claimant Patsy R. Mire. Claimant April Hummel filed a Memorandum in Opposition, adopting Janet Boudreaux Rink, Tysie Rink and Scott Rink's Opposition. [Rec. Doc. 86 *adopting* Rec. Doc. 88]. Claimant Brian Dumesnil also adopted the Memorandum in Opposition filed by the Rinks [Rec. Doc. 87 *adopting* Rec. Doc. 85] and the Memorandum in Opposition filed by Patsy Mire [Rec. Doc. 90 *adopting* 88]. Claimants Scott Rink, Tysie Rink, and Janet Boudreaux Rink adopted the Memorandum in Opposition filed by Patsy Mire [Rec. Doc. 89 *adopting* 88]. Claimant Alicia Severson adopted the Memorandum in Opposition filed by Patsy

1

Mire [Rec. Doc. 94 *adopting* Rec. Doc. 88], as did claimant Javonni Keal [Rec. Doc. 100 *adopting* Rec. Doc. 88].  Plaintiffs in limitation filed a Reply to the Memorandum in Opposition filed by the Rinks [Rec. Doc. 98 *replying to* Rec. Docs. 85 *et al*] and a Reply to the Memorandum in Opposition filed by Mire [Rec. Doc. 103 *replying to* Rec. Docs. 88, *et al*].  As to those claimants/defendants who failed to file an opposition, the Motion for Summary Judgment is considered unopposed.[1]

## I. BACKGROUND

The case at bar involves a cause of exoneration from or limitation of liability, civil and maritime, brought pursuant to Federal Rules of Civil Procedure 9(h) and Rule F of the Supplemental Rules of Admiralty and Maritime Claims.  At the time of the accident that forms the basis of this action, Central Boat Rentals was the operator of the M/V MISS MEGAN, an inland tug/pushboat, which was owned by 4-K Marine, L.L.C. [*Complaint*, Rec. Doc. 1 in Civil Action No. 06-2366].  On October 12, 2006, the M/V MISS MEGAN was located on navigable waters in West Cote Blanche Bay, when a Spud Barge ATHENA

---

[1] The fact that some claimants have not filed an opposition to plaintiffs' Motion for Summary Judgment does not signify that plaintiffs should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995).  However, claimants' failure to file an opposition to the Motion for Summary Judgment and corresponding statement of uncontested material facts requires the Court to deem plaintiffs' statement of uncontested material facts admitted for purposes of the instant motion. *See* Local Rule 56.2W

106, owned by Athena Construction L.L.C.[2] and being pushed by the M/V MISS MEGAN, dropped its spud, hitting a natural gas pipeline and causing an explosion [*Id.*]. While denying liability, in the event they are held liable, the consolidated plaintiffs would claim the benefit of limitation provided in 46 U.S.C. sec. 183, *et seq* and Rule F of the Supplemental Rules of Admiralty and Maritime Claims, under which liability would be limited to the value of plaintiffs' interest in the M/V MISS MEGAN and her freight, which plaintiffs claim is in the aggregate of $151,800.00. Claimants in this consolidated action have alleged that, for a number of reasons based in law and in fact, the Limitation of Liability Act is not applicable to the instant case, and seek redress for various damages.

On April 26, 2007, Central Boat Rentals and 4-K Marine filed a Motion for Partial Summary Judgment averring that there is no genuine issue of material fact that punitive damages, as a specie of nonpecuniary damages, are not recoverable under the Jones Act or general maritime law, regardless of whether the Limitation of Liability Act applies, and therefore claims for such should be dismissed [*Plaintiff's Motion,* Rec. Doc. 81].

The Rinks, joined by Hummel and Dumesnil, oppose on the grounds that punitive damages are neither pecuniary nor non-pecuniary and are recoverable under the general

---

[2] Athena Construction LLC, as owner of Barge A-106, filed a similar limitation action in United States District Court for the Eastern District of Louisiana, Civil Action No. 2:06-08081. The matter was transferred to the Western District of Louisiana and assigned to the undersigned as Civil Action No. 6:06-2004 [Rec. Docs. 11, 12]; finding it appropriate and the best use of judicial resources, and with the consent of all parties involved, consolidated the case with the case filed by 4-K Marine, *et al* [Rec. Doc. 35, consolidating 06-2004 w/ 06-2366]

3

maritime law from a non-employer tortfeasor [*Rinks' Opposition,* Rec. Doc. 85].

Mire, joined by the Rinks, Dumesnil, Severson and Keal, oppose on the ground that the issue is not ripe for adjudication. Mire explains that before these consolidated limitation proceedings were brought, she filed her claims in state court and alleges that, in the event this Court finds that plaintiffs in limitation are not entitled to limitation or exoneration of liability, she intends to return to state court. Mire argues that this Court should refrain from deciding the issue of punitive damages because she should be allowed to litigate her claims, including any claim for punitive damages, in her chosen forum [*Mire's Opposition,* Rec. Doc. 88].

## II. SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's

claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[3] *Id.* at 322-23.

Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little,* 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167,

---

[3] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.* at 322.

5

178 (5th Cir.1990).

If no issue of fact is presented and if the mover is entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. LAW & ANALYSIS

This Court is called upon to decide whether, as a matter of law, the Jones Act and/or general maritime law would allow the claimants to recover punitive damages, or whether, the punitive damage claims against the consolidated plaintiffs in limitation by all claimants should be dismissed. However, because Mire's Opposition raises the question of whether this issue is "ripe" or otherwise appropriate for adjudication before this Court as the admiralty court with exclusive jurisdiction over the federal limitation action, it will be addressed first.

**A.** *Mire's Opposition:* **RIPENESS**

The record reflects that on October 16, 2006, Mire filed a Petition for Damages in the Sixteenth Judicial District Court, Parish of St. Mary, State of Louisiana, in which she asserted claims arising out of the death of her husband, John J. Mire, Jr. [*Mire's Opposition,* Rec. Doc. 88]. Pursuant to the Limitation of Liability Act ("Limitation Act"), 46 U.S.C.App. §§ 181-89 and the Supplemental Admiralty and Maritime Claims

6

Rule F, Fed. R. Civ. P. Supp. R. F(2), the state court proceeding was subsequently stayed as a result of the institution of this limitation proceedings, but Mire alleges that she desires to return to state court to litigate her damage claims in the event that this Court finds that the plaintiffs are not entitled to limitation or exoneration of liability [*Mire's Statement of Uncontested Facts*]. Mires asserts that under the "Saving to Suitors Clause" of the Judiciary Act of 1789 ("Saving Clause"), 28 U.S.C. § 1331, she is entitled to litigate her claims and pursue common law remedies in the forum of her choice. With that claimed intent, Mires, joined by claimants Dumesnil, Severson, Keal and the Rinks (collectively "claimants"), argue that adjudicating this damage issue by summary judgment, before the limitation issues that are properly before the Court are decided, creates an unnecessary jurisdictional conflict that should be avoided [*Id.*]. This matter requires consideration of the interesting dynamics between the Limitation Act and the Saving Clause, as the former gives shipowners the right to seek limitation of their liability exclusively in federal court and the latter affords claimants a choice of common law remedies in both state and federal court.

      Under the Saving Clause, federal district courts are acknowledged to have original and exclusive jurisdiction over "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1331. Essentially, the Saving Clause allows a claimant asserting an in personam maritime claim to sue in a common law state court through a civil action, reserving

7

common law remedies where the common law is competent to give it.  AMJUR ADMIRALTY § 96, West 2007.  The Saving Clause does not grant jurisdiction, but rather makes an exception to the exclusive maritime jurisdiction of the federal courts in cases where the plaintiff may be entitled to remedies other than that provided in admiralty law. *Id; Odeco Oil and Gas Co. Drilling Division v. Bonnette,* 74 F.3d 671 (5th Cir. 1996). The Saving Clause evinces a preference for jury trials and common law remedies in the forum of the claimant's choice, including remedies provided by a state's wrongful death and/or survival statutes.  *Roth v. Cox*, 210 F.2d 76 (5th Cir. 1954), cert. granted, 347 U.S. 1009 (1954) and judgment aff'd, 348 U.S. 207 (1955).

Under the Limitation Act, the owner of a vessel which causes injury, damage, or loss, may file a federal action limiting liability to "the amount or value of the interest of such owner in such vessel, and her freight then pending."  46 U.S.C.App. §§ 181-89*; Texaco, Inc. v. Williams,* 47 F.3d 765, 767 (5th Cir. 1995).  The Limitation Act ensures that the issue of limitation is adjudicated exclusively in federal court and when the shipowner is beset by multiple claimants, it provides that there be one federal forum for the resolution of all competing claims.  *In re Complaint of Midland Enterprises, Inc.,* 886 F.2d 812, 815 (6th Cir.1989).  Thus, when a vessel owner initiates limitation proceedings, a federal court "may stay all other proceedings against the shipowner arising out of the same accident," and direct all potential claimants to file their claims against the vessel owner in the admiralty court within a specified period of time.  46 U.S.C.App. §185; Fed.

R. Civ. P. Supp R. F(3)&(4); *Texaco,* 47 F.3d at 767. Thereafter, in concursus, the district court, sitting in admiralty without a jury (the "admiralty court"), determines "whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed." *In re Complaint of Dammers,* 836 F.2d at 755.

It is well and often recognized that the exclusive jurisdiction vested within the federal admiralty courts by the Limitation Act creates a "recurring and inherent conflict" with the Saving Clause and its preservation of common law remedies and concurrent state jurisdiction over some admiralty and maritime claims.[4] *See Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1995); *Linton v. Great Lakes Dredge & Dock Co.,* 964 F.2d 1480, 1484-85 (5th Cir. 1992). Keeping in mind the tension between the two statutes, and even the Saving Clause's presumption in favor of remedies in the forum of complainant's choice, the Fifth Circuit has admonished that the federal district court's "primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine Transp. Co. v. LaPlace Towing Corp.,* 964 F.2d, 1571, 1575

---

[4] For discussion of the inherent conflict between the Limitation Act and the Saving Clause, *See, e.g., Langnes v. Green,* 282 U.S. 531, 539-40 (1931); *Complaint of Port Arthur Towing Co. on behalf of M/V Miss Carolyn,* 42 F.3d 312, 315-16 (5th Cir.1995); *Odeco Oil and Gas Co. v. Bonnette I,* 4 F.3d 401, 404 (5th Cir.1993); *In the Matter of Falcon Inland Inc.,* 2 F.Supp.2d 835, 836 (E.D. La.1998); *In the Matter of Tidewater Inc.,* 938 F.Supp. 375, 377-78 (E.D. La.1996).

(5th Cir. 1992); *Odeco Oil & Gas Co., Drilling Div. v. Bonnette,* 74 F.3d 671, 674 (5th Cir. 1996).

     The case at bar is illustrative of the tension between the two statutes. Both plaintiffs in limitation and Mire (and the other claimants involved) have selected legitimate forums in which to pursue their claims. The state court in which Mire's original action was filed certainly has jurisdiction to hear Mire's claim under the Saving Clause, and this Court has exclusive jurisdiction to decide the limitation action at bar. However, plaintiffs in limitation seek summary judgement on Mire's, and the other claimant's, claims for punitive damage under the Jones Act and General Maritime law, which, if granted, would effectively preclude them from bringing those damage claims in any other forum, and particularly defeat Mire's alleged efforts and desire to have her punitive damage claim brought in the original state court action, assuming the Court denied limitation of liability. Of course, in the event that the Court finds that limitation of liability is warranted, the limitation fund may not be exceeded in any other proceeding, regardless of whether the claimants are pursuing state or federal common law remedies and in whatever forum. It is thus, at first blush, easy to see why Mire asserts that adjudicating the issue of punitive damages would "needlessly exacerbate the tension that exists between the Savings to Suitors Clause and this Court's exclusive jurisdiction to decide the limitation issues." (*Mire's Opposition ,* p. 5). However, after due consideration, the Court finds that such is not the case.

The majority of the case law addressing the interaction and variance between the Saving Clause and Liability Act concerns whether the federal admiralty court should exercise its ability under Fed. R. Civ. P. Supp. Rule F to stay and/or enjoin the filing or prosecution of state court proceedings. Clearly, whether the shipowner is not exposed to potential liability exceeding the value of the vessel and its freight, the shipowners' right to limit his liability is not implicated and the Saving Clause would require the admiralty court to allow suits pending in a common law forum to proceed. Fifth Circuit jurisprudence identifies other exceptional circumstances where an admiralty court must permit a state action to proceed concurrent with the limitation action filed in federal court.[5] However, this Court is not faced with whether to lift the stay or otherwise enjoin state court proceedings. Furthermore, the Court is in no way adverse to having the claims proceed in state court if the claimants so choose after the Court determines the limitation issues. This line of cases simply does not speak to this Court's authority to adjudicate or dismiss claims for punitive damages as a matter of law before deciding the limitation issue that is properly before it as the sitting admiralty court.

---

[5] The Fifth Circuit has recognized that "claims may proceed outside the limitation action (1) if they total less than the value of the vessel, or (2) if the claimants stipulate that the federal court has exclusive jurisdiction over the limitation of liability proceeding and that they will not seek to enforce a greater damage award until the limitation action has been heard by the federal court." *Odeco Oil & Gas Co. v. Bonnette,* 4 F.3d 401, 404 (5th Cir.1993). Thus, if the necessary stipulations are provided to protect the rights of the shipowner under the Limitation Act, the claimants may proceed in state court. *See Lewis v. Lewis & Clark Marine, Inc,,* 531 U.S. 438, 454 (2001) (where a district court "satisfies itself that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion"); *In re Tetra Applied Technologies, LP,* 326 F. 3d 338 (5th Cir. 2004).

Admiralty courts enjoy considerable discretion and those courts are permitted to and often do adjudicate the merits of the cases involved in the limitation proceeding, including the damages claims, even after limitation of liability has been denied or dismissed. *Hartford Accident & Indemnity Co. v. Southern Pacific Co.*, 273 U.S. 207 (1927)*; Pershing Auto Rentals, Inc. v. Gaffney* , 279 F.2d 546, 552 (5th Cir. 1960; *Fecht v. Makowski*, 406 F.2d 721, 723 n. 7 (5th Cir. 1969). The Fifth Circuit, in *Pershing Auto* recognized the " ... acknowledged power of the admiralty court to adjudicate the whole case and grant full relief even though limitation is denied." Acting within that discretion, some federal district courts within the Fifth Circuit have deemed it appropriate to defer ruling on issues ancillary to the limitation proceeding, such as punitive damages, and then, once limitation was decided, allowed the claimants to proceed in the forum of their choice.

In *Complaint of Cameron Boat Rentals, Inc.*, 683 F. Supp. 577, 581 (W.D. La. 1988)(Vernon, J.), the court reasoned that in addition to the two established exceptions to exclusive admiralty jurisdiction (stipulation or where the claims do not exceed the limitation fund, *supra* Fn. 5), there is a third "rule" under which exclusive admiralty jurisdiction must also give way: "once limitation is denied it is up to the claimants rather than the court whether the proceedings will continue in place or whether the injunction will be dissolved to permit the resumption of other actions." *Id.* (citing *Wheeler v. Marine Nav. Sulphur Carriers, Inc.,* 764 F. 2d. 1008, 1011 (4th Cir. 1985)). Still, the

*Cameron Boat* court noted in the interest of judicial economy, some admiralty courts keep the suit, even after limitation is denied, and the court is acting within its discretion to do so.

Other case law cited by Mire in her Opposition suggest that it would be appropriate for the Court to defer ruling on other issues until the issue of liability is resolved. Complainants suggest that one recognized method utilized by many courts in order to satisfy both the Limitation Act and the Saving Clause is to bifurcate the case: the admiralty court determines the negligence of the petitioner and its right to limitation, and if the court determines that the petitioner is not entitled to limitation of liability, the claimants are free to remain in the federal admiralty court or to have a state court determine the damages, as well as other issues such as the fault of additional parties and the relative degrees of fault. *See Matter of Suard Barge Services, Inc.,* 1997 WL 746510 (E.D. La. 1997)(granting motion to bifurcate case to ensure that only issue resolved in federal forum is the limitation of liability question and reserving to the state court all non-limitation issues, specifically apportionment of fault among potentially liable parties)(citing *In re Bergeron Marine Serv. Inc.,* 1994 WL 236374, at *1 (E.D. La. 1994)).

In reviewing the case law, it appears that the preferred approach, at least within federal district courts of the Fifth Circuit, is to decide the limitation issues and then allow claimants to return to state court if they so desire. However, the case law and the

13

reasoning set out therein does not in any way limit the Court's discretionary ability to decide to adjudicate some of the ancillary matters and rule on whether, as a matter of law, punitive damages are available.[6] Additionally, the Court finds that plaintiffs' Motion and the relief requested therein does not exceed the scope of the Limitation Act and the authority it grants to the Court, nor would granting such relief impinge on the claimants' rights under the Savings Clause. The Court disagrees with Mire's claims that her right to litigate her claims in her chosen forum would be jeopardized if the Court were to proceed with adjudicating the issue of punitive damages on summary judgment. After this Court enters final judgment on the limitation action, in the event the Court were to deny limitation and to have dismissed all punitive damage claims on summary judgment, Mires could still litigate the remainder of her claims as filed in the original action and pursuit all available common law remedies in her chosen forum. What the Court is called upon to decide is, as a matter of law, whether the federal maritime law that would be applied in any judicial forum, federal or state, here or elsewhere, allows for punitive damages.

It is not disputed that the claimants are or represent deceased Jones Act seaman.

---

[6] Complainants also point to *In re Crosby Boat Co., LLC*, 2005 U.S. Dist. LEXIS 3827, 6-8 (E.D. La. 2005), the court declined to render a partial summary judgment on a punitive damage claim in a limitation proceeding, but instead, "[a]s a prudential matter...defers to the state court to consider the legality of awarding punitive and other non-pecuniary damages..." However, this case is easily distinguishable from the one at bar, because the decedent was a non-seaman killed in state territorial waters, therefore, state law applied to the punitive and other non-pecuniary damage claims, which were acknowledged as potentially available, not general maritime law or the Jones Act. The court did not address whether the issue of punitive damages should and would still be deferred to the state court in the event that punitive damages were not available under the law.

Whether in state court or in this Court, the law that will be applied to Mire's and every other claimants' claim for damages is the general maritime law and the federal Jones Act. Thus, if the general maritime law and the Jones Act do not allow recovery of punitive damages, the rule of law will preclude claimants from recovering the same, whether the matter is adjudicated now in this Court or later in state court.[7] It would therefore not be inappropriate and it would be in the interest of judicial economy and efficiency for the Court to rule on the issue of punitive damages now, as all parties are already before the Court and all pertinent issues have been thoroughly briefed.

Nonetheless, while this Court has jurisdiction to retain the case, and to settle or adjudicate all claims, it is not required to do so. *Hartford Accident & Indemnity Co. v. Southern Pacific Co.*, 273 U.S. 207 (1927). Where, as here, claimants have expressed their desire to pursue whatever available common law remedies in other forums, and plaintiffs' right to limitation of liability, as conferred by statute, would not be infringed, this Court may, in its discretion, permit them to do so. *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957). In sum, for the foregoing reasons and as the issue of liability has not yet been decided, no useful purpose would be served by dismissing the punitive claims.

---

[7] It is worth noting that the extent to which state law may be used to remedy maritime injuries is constrained by the so-called "reverse- *Erie*'' doctrine which requires that the substantive remedies afforded by the states conform to governing federal maritime standards. 28 U.S.C.A. § 1333; *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207 (1986).

## IV. CONCLUSION

Based on the record before the Court and the reasons stated herein, the Motion for Summary Judgment Motion on Punitive Damages [Rec. Doc. 81] filed by plaintiffs in limitation, the M/V MISS MEGAN, 4-K Marine, L.L.C. and Central Boat Rentals, Inc. and adopted by consolidated plaintiff in limitation, Athena Construction, L.L.C. [Rec. Docs. 107, 108 ] will be denied.