RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 08/04/08

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| In the Matter of Athena Construction, L.L.C. | Civil Action No.06-2004 |
| | Judge Tucker L. Melançon |
| | Magistrate Judge Mildred E. Methvin |

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion For Summary Judgment filed by James River Insurance Company. ("James River") [Rec. Doc. 170]. For the following reasons, the motion will be granted.

### *I. Background*

James River's Statement of Uncontested Material Facts[2], *R. 170-3*, provides the following:

On October 12, 2006, the M/V MEGAN, a tugboat owned by 4-K Marine and operated/manned by Central Boat Inc., was pushing two unpowered barges in the West Cote Blanche Bay Field, off the coast of Louisiana in St. Mary Parish. Athena Construction LLC ("Athena") owned and manned one of these barges identified as

---

[1] Pursuant to Local Rule 7.5W, the deadline for filing any opposition to the motion was June 29, 2008.

[2] As no opposition was filed, James River's Statement of Uncontested Facts is admitted. *L.R. 56.2W.*

Barge A-106. The vessels were under charter to Gulfport Energy Corporation for use in and around its West Cote Blanche Bay Field operations.

During transport, the M/V MISS MEGAN and/or her tow, collided with a six inch pipeline owned by Gulfport Energy Corporation and Chevron U.S.A., Inc. This allision resulted in an explosion leading to property damage and injury and/or deaths of several crew members assigned to the barge and/or M/V MISS MEGAN.

At the time of the accident, James River issued a Commercial General Liability ("CGL") policy to Athena Construction bearing Policy No. 00014839-0, with a policy period from March 1, 2006 to March 1, 2007. The policy contains the following exclusions:

*SECTION I - COVERAGES*

*COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*2. EXCLUSIONS*

*This insurance does not apply to:*

    d.    ***Workers' Compensation and Similar Laws***

        *Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.*

    e.    ***Employer's Liability***

        *"Bodily Injury" to:*
        *(1)    An "employee" of the insured arising out of and in the course of:*
            *(a)    Employment by the insured; or*

>    *(b)   Performing duties related to the conduct of the insured's business; or*
> *(2)   The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.*

*This exclusion applies:*

> *(1)   Whether the insured may be liable as an employer or in any other capacity;* and
> *(2)   To any obligation to share damages with or repay someone else who must pay damages because of the injury.*

## *EXCLUSION - AIRCRAFT, AUTO OR WATERCRAFT*

> **2. Exclusions**, *paragraph* **g**, *is deleted in its entirely and replaced with:*
>
> **g.  Aircraft, Auto Or Watercraft**
>
> *"Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured. Use includes operation and "lading or unloading."*
>
> *This exclusion apples even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto", or watercraft.*
>
> *This exclusion does not apply to:*
> >    *1.   Parking an "auto" on, or on the ways next to, premises you own or rent, provided the "auto" is not owned by you, or rented or loaned to you, or the insured; or*

> 2. "Bodily injury" or "property damage" arising out of the operation of any equipment listed in Paragraph f. (2). (3) of the definition of "mobile equipment."

## EXCLUSION - STATUTORY EMPLOYEE ACTS INCLUDING MARITIME LAW

*This endorsement does not apply to any liability arising out of:*

*COMMERCIAL GENERAL LIABILITY COVERAGE*

*COMMERCIAL GENERAL LIABILITY COVERAGE*

*This insurance does not apply to any liability arising out of:*

> 1. Any obligation for which any Insured or any carrier as you insurer may be held liable under any worker's compensation, unemployment compensation or disability benefits law, Jones Act, the United States Longshoremen and HarborWorkers Act, the Outer Continental Shelf Lands Act, Death on the High Seas Act, and any amendments or regulations pursuant thereto, or, under any similar law or act; or

> 2. Any contractual obligation which requires any Insured to comply with or maintain insurance for worker's compensation, unemp;oyment compensation or disability benefits law, Jones Act, The United States Longshoremen And Harbor Workers Act, the Outer Continental Shelf Lands Act, Death on the High Seas Act, and any amendments or regulations pursuant thereto, or, under any similar law or act.

## EXCLUSION MARINE LIABILITY

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE FORM*
*COMMERCIAL EXCESS LIABILITY COVERAGE FORM*

*This does not apply to any claim, injury, loss or damage that may be recoverable under any Hull, Protection & Indemnity (P&I) policy including claims for contractual liability; Marine Operators Legal Liability; Charterers Legal Liability, or, any similar marine insurance coverages on owned, operated, chartered, or brokered watercraft regardless of whether such insurance has been purchased, is in force or the limits of liability are available.*

As a result of the incident, Athena Construction instituted this Limitation of Liability Action under the admiralty/maritime laws. In response, numerous claims have been filed in this action seeking both bodily injury and property damage resulting from the maritime accident. This is no question that the incident in question arose out of the ownership and/or maintenance and/or use of a watercraft owned by the assured of James River.

*II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict

5

if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[3] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.*, 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson*, 477 U.S. at 249; *Wood v. Houston*

---

[3] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

*Belt & Terminal Ry.*, 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

*III. Analysis*

The fact that there is no opposition to James River's motion does not necessarily mean James River should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, as previously noted, the failure to file an opposition and statement of contested material facts requires the Court to deem James River's Statement of Uncontested Material Facts admitted for purposes of the instant motion. *L. R. 56.2W.*

In its motion, James River asserts that the foregoing exclusions in its CGL policy properly exclude coverage in the matter.

*1. Watercraft/Vessel Exclusion*

James River contends that Exclusion 1.g., Coverage: A. Bodily Injury and Property Damage Liability of the policy excludes coverage for bodily injury or property damage arising out of ownership, maintenance, use or entrustment to others of any watercraft owner or operated by or rented or loaned to any insured, and therefore covers only land-based risks. In *Henry v. South Louisiana Sugars Co-Op*, 957 So.2d 1275 (La. 2007), the Louisiana Supreme Court considered a similar exclusion and held that a barge which was being used as a dock qualified as a watercraft because it was capable of floating and was not "ashore" or "on land" at the time of the plaintiff's injuries. In the case at bar, Athena's barge was in use as a watercraft, as it was neither docked nor on dry land. Thus, as the incident in question arose out of the use of a watercraft, as the term is used in the exclusion of the CGL policy, such coverage is excluded.

## 2. *Employer Liability Exclusion*

James River further contends that it has no liability under Athena's policy for the death of Cleveland Tardy. As provided under Section I - Coverages, Coverage A Bodily Injury and Property Damage Liability, 2. Exclusions, the claims by an employee against his employer are excluded. Consequently, the policy does not cover the claims stemming from the death of Athena Construction's employee, Cleveland Tardy.

8

*3. Jones Act/Longshoreman and Harbor Workers Act Exclusion*

Additionally, James River contends that the policy excludes liability arising out of the Jones Act, the United States Longshoreman and Harbor Workers Act or under similar law or act. It is undisputed and the record reflects that all of the claims in this litigation have been advanced under the maritime law and that the M/V MISS MEGAN and her tow qualify as vessels in the maritime regime. Thus, as the claims against Athena Construction are brought under the Jones Act, workers compensation or other similar laws, they are excluded under the policy.

*4. Marine Insurance Exclusion*

The record indicates that Athena Construction procured both primary and excess Protection and Indemnity ("P&I") and Maritime Employer Liability ("MEL") policies of insurance that have responded to this claim. As the Marine Insurance Exclusions specially addresses losses that are covered under a separate P&I and/or MEL policy, the exclusion applies. *See, Farrell Lines Inc. v. Insurance Company of North America*, 789 F.2d 300 (5th Cir. 1986)(exclusion contained in policy for any occurrence covered under a "Protection and Indemnity Policy of Marine Insurance" was applicable upon finding coverage under insured's P&I policy).

*IV. Conclusion*

Based on the undisputed record as well as the pertinent policy provisions and

the relevant jurisprudence, there is no genuine issue of material fact that the James River policy does not provide coverage in this case. Accordingly, James River's unopposed motion for summary judgment will be granted.