# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| In the Matter of Athena Construction, L.L.C. | Civil Action No.06-2004 |
| | Judge Tucker L. Melançon |
| | Magistrate Judge Mildred E. Methvin |

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion For Summary Judgment filed by Athena Construction, LLC, ("Athena") against claimants Nelson Abraham and Enola Abraham [Rec. Doc. 173]. For the following reasons, the motion will be granted.

### *I. Background*

This action arises out of a barge explosion and pipeline rupture that occurred on October 12, 2006 in West Cote Blanche Bay Field, Louisiana. As a result of the incident there were six (6) deaths, two (2) personal injuries, and various property damage. One of the workers killed in the incident was Terry Abraham, an employee of Athena who was working on the barge in question. Abraham was survived by two children born out of wedlock, Aleya Hummel, and Alijah James Severson and by his parents, Nelson Abraham and Enola Abraham. On April 14, 1999, a Consent Order Establishing Current Support was entered by the Iowa District Court For Woodbury

---

[1] Pursuant to Local Rule 7.5W, the deadline for filing any opposition to the motion was June 29, 2008.

County held that "Terry Abraham, is the father of ... Aleya Terrenee Abraham" and that Aleya Terrenee Abraham was entitled to support in the amount of $197.00 per month. *Id. at Exh. B*. On December 28, 1999, a Judgment was entered in the South Dakota Second Judicial Circuit declaring that Abraham is the biological father of Alijah J. Severson, ordering him to pay child support arrearages of $11,577.60 and child support in the amount of $189.00 per month. *Id. at Exh. C.*

As a result of the death of Abraham, Donald D. Akers, Jr. was legally appointed as Independent Administrator of the estate pursuant to Letters of Independent Administration dated July 5, 2007. *R. 173, Exh. A.* Akers filed claims on behalf of the estate of Terry Abraham and on behalf of the two minor illegitimate children. *Id. at Exh. D*. A separate claim was filed directly by the parents of Terry Abraham. *Id. at Exh. F.*

Athena filed this unopposed motion to dismiss the claims of Nelson and Enola Abraham, asserting that they have no recognizable cause of action under the Jones Act or General Maritime Law.

*II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v.*

*Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[2] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue

---

[2] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

3

worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Analysis

The fact that there is no opposition to Athena's motion does not necessarily mean Athena should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, as previously noted, the failure to file an opposition and statement of contested material facts requires the Court to Athena's Statement of Uncontested Material Facts admitted for purposes of the instant motion.

4

*L. R. 56.2W.*

As Athena asserts in its motion, Abraham was undisputedly a Jones Act seaman. *Id., Exh. F, ¶ 27.* A Jones Act death action must be brought by the personal representative for the benefit of the seaman's (1) surviving spouse and children, (2) parents, and (3) dependent next of kin. Each class of beneficiaries is "successive" and the existence of a prior class precludes recovery on behalf of a subsequent class. 45 U.S.C. § 51; *See Sistrunk v. Circle Bar Drilling Co.,* 770 F.2d 455, 457 (5th Cir.1985). Accordingly, because the presence of Abraham's two children in this lawsuit, the claims of his parents must be dismissed under the Jones Act.

Notwithstanding the presence of seaman status, the Jones Act does not preclude a limited claim for damages by dependent parents under the General Maritime Law, where the death occurs as a result of an unseaworthy condition. But if the parents cannot establish dependency, there is no such claim. *See, Walsh Drum Wahlstrom v. Kawasaki*, 4 Fed. 3rd 1084 (2nd Cir. 1993). The record is devoid of any evidence that Abraham's parents were dependent on him for any kind of support. Moreover, the record indicates that Abraham was in arrears on his child support obligations on behalf of Alijah Severson in an amount exceeding $27,000.00 and on behalf of Aleya Hummel in an amount exceeding $25,000.00. *R. 173-3, ¶¶ 2&3.* Thus, any claims by Abraham's parents under the General Maritime Law must also be dismissed.

Accordingly, Athena's unopposed motion for summary judgment to dismiss the claims of Nelson Abraham and Enola Abraham will be granted.