# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

In the Matter of Athena Construction, L.L.C.

Civil Action No.06-2004

Judge Tucker L. Melançon

Magistrate Judge Mildred E. Methvin

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion For Summary Judgment filed by Diamondback Energy Services LLC ("Diamondback") [Rec. Doc. 172]. For the following reasons, the motion will be granted.

*I. Background*

This action arose out of an accident involving the explosion of a natural gas pipeline in West Cote Blanche Bay Field, off the coast of Louisiana in St. Mary Parish. All of the claimants in this action have asserted claims against Athena Construction LLC ("Athena"), alleging that Athena's negligence or the unseaworthiness of its vessel caused the accident.

As a result of the incident, Athena instituted this Limitation of Liability Action under the admiralty/maritime laws. In response, numerous claims have been filed seeking both bodily injury and property damage resulting from the maritime accident.

---

[1] Pursuant to Local Rule 7.5W, the deadline for filing any opposition to the motion was June 29, 2008.

Certain of the claimants also alleged that Diamondback is Athena's parent company. Diamondback filed this unopposed motion for summary judgment asserting that the claimants' allegation implies that there might be a basis on which to find Diamondback vicariously liable for Athena's fault, if any.

## II. Summary Judgment Standard

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the

non-moving party to show that there is a genuine issue for trial.[2] *Id.* at 322-23. Once the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[2] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

*III. Analysis*

The fact that there is no opposition to Diamondback's motion does not necessarily mean Diamondback should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, as previously noted, the failure to file an opposition and statement of contested material facts requires the Court to deem Diamondback's Statement of Uncontested Material Facts admitted for purposes of the instant motion. *L. R. 56.2W*.

In its motion, Diamondback asserts that it is not liable for causing the claimants' injuries or damages and there is no basis for finding Diamondback vicariously liable for Athena's fault, if any, since Athena and Diamondback are separate juridical persons and not merely each other's instrumentality or alter ego and do not comprise a single business entity.

The record reflects that at the time of the incident, Diamondback was not in the business of constructing onshore or offshore oilfield exploration or production facilities and it owned no vessels or barges. Neither the tugboat, the barges, nor the

4

pipeline that were involved in the accident on which this matter is based were owned by Diamondback. On the date of the accident, no Diamondback employees were on board the tugboat or the barges involved. The work performed by Athena at the time of the accident was not being supervised by Diamondback. Athena's work was not being performed for Diamondback or pursuant to a contract with or instructions from Diamondback. No party to this suit has identified any particular act or omission by Diamondback that is alleged to have caused the accident.

The record further reflects that although Athena was a wholly-owned subsidiary of Diamondback at the time of the accident, Athena and Diamondback were then and are now separate companies. Under Louisiana law, corporations and limited liability companies are generally recognized as distinct legal entities, separate from the individuals or entities who comprise them and from any other corporations or entities with which they might be affiliated. *See, Joslyn Mfg. Co. v. T.L. James & Co., Inc.*, 893 F.2d 80, 83-84 (5th Cir.1990). In order to justify holding a dominant entity liable for the negligence of a subservient entity, it must be proven that the first exercises so much control over the latter that "the subservient corporation manifests no separate corporate interests of its own and functions slowly to achieve the purposes of the dominant corporation. *Baker v. Raymond Internat'l*, 656 F.2d 173, 179 (5th Cir. 1981). Thus, if one corporation is merely the instrumentality or alter ego

of the other or if multiple corporations comprise a single business entity, then liability may be extended beyond the boundary line that would otherwise define the entities' separate nature. *Green v. Champion Ins. Co.*, 577 So.2d 249, 257, 259 (La. App. 1 Cir. 1991). The presumption in favor of the distinction being corporate entities is so well-entrenched, however, that a steep evidentiary burden - the clear and convincing burden - is placed on those who seek to pierce the veil separating two companies and hold one liable for the other's torts. *Grayson v. R.B. Ammon and Associates, Inc.*, 778 So.2d 1, 14 (La. App. 1 Cir. 2000).

Therefore, under the applicable jurisprudence, the claimants must establish by clear and convincing evidence that the nature of the relationship between Diamondback and Athena is such that an exception to the general rule of company separation should be recognized in this case. The record contains no evidence of any such relationship. Specifically, there is no evidence that Athena is Diamondback's alter ego, *see, Riggins v. Dixie Shoring,* 590 So.2d 1164, 1168 (La.1991) (citing five illustrative factors used in Louisiana "piercing the veil" cases), nor that Athena and Diamondback comprise a single business enterprise, *see, Green v. Champion,* 577 So.2d at 259 (Louisiana courts have recognized 18 non-exhaustive factors to be considered to determine whether corporations operate as a single business enterprise).

*IV. Conclusion*

Based on the undisputed record before the Court, there is no genuine issue of material fact that Diamondback is liable for any damages incurred as a result of Athena's alleged negligence or the allegedly unseaworthy condition of Athena's barge. Accordingly, Diamondback's unopposed motion for summary judgment will be granted.