# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| In the Matter of Athena Construction, L.L.C. | Civil Action No.06-2004 |
| | Judge Tucker L. Melançon |
| | Magistrate Judge Mildred E. Methvin |

## MEMORANDUM RULING

Before the Court are identical Motion[s] For Summary Judgment filed by Athena Construction, LLC, ("Athena") [Rec. Doc. 175], 4-K Marine, LLC ("4-K"), Central Boat Rentals, Inc. ("Central") and Gulfport Energy Corporation ("Gulfport") [Rec. Doc. 176], plaintiff's response to both of defendants' motions [Rec. Doc. 195] and Athena's reply memorandum [Rec. Doc. 203]. For the following reasons, the motions will be denied.

*I. Background*

This case arises out of a barge accident and pipeline rupture that occurred on October 12, 2006, in West Cote Blanche Bay Field, Louisiana in St. Mary Parish. An explosion occurred when a tugboat in tow with a spud barge and a material barge, struck an underwater high pressure gas line causing the line to rupture. As a result of the incident there were six (6) deaths, two (2) personal injuries, and various property damage. Athena owned and manned the spud barge adjacent to the incident

and filed this motion to dismiss the claims of its seaman, Nicholas Aucoin, who was on the spud barge at the time of the explosion.

## II. *Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir.1994)(en banc). Initially, the party moving for summary judgment must demonstrate the absence of any genuine issues of material fact. When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Id.* If the moving party fails to carry this burden, his motion must be denied. If he succeeds, however, the burden shifts to the non-moving party to show that there is a genuine issue for trial.[1] *Id.* at 322-23. Once

---

[1] Where the nonmoving party has the burden of proof at trial, the moving party does not have to produce evidence which would negate the existence of material facts. It meets its burden by simply pointing out the absence of evidence supporting the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325. To oppose the summary judgment motion successfully, the non-moving party must then be able to establish elements essential to its case on which it will bear the burden of proof at trial. A complete failure of proof by the non-moving party of these essential elements renders all other facts immaterial. *Id.*

the burden shifts to the respondent, he must direct the attention of the court to evidence in the record and set forth specific facts sufficient to establish that there is a genuine issue of material fact requiring a trial. *Celotex Corp.,* 477 U.S. at 324; Fed.R.Civ.Pro. 56(e). The responding party may not rest on mere allegations or denials of the adverse party's pleadings as a means of establishing a genuine issue worthy of trial, but must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144. 159 (1970); *Little*, 37 F.3d at 1075. There must be sufficient evidence favoring the non-moving party to support a verdict for that party. *Anderson,* 477 U.S. at 249; *Wood v. Houston Belt & Terminal Ry.,* 958 F.2d 95, 97 (5th Cir.1992). There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. Analysis

Athena contends that Aucoin "does not allege any physical injuries as a result of the explosion, as he was nowhere near the explosion at the time of its occurrence," and therefore, his claims should be dismissed. *R. 175.* Athena relies on jurisprudence

which holds that no recovery can be made under the Jones Act for purely emotional injuries resulting from accidents in which a bystander witnessing harm to another suffered no harm or threat of harm. *See Gaston v. Flowers Transportation*, 866 F.2d 816 (5th Cir. 1989), *Plaisance v. Texaco, Inc.,* 966 F.2d 166 (5th Cir. 1991).

In his opposition memorandum, Aucoin includes a sworn affidavit which provides that when the explosion occurred, he and three co-workers immediately offloaded a small outboard motor boat and rushed in to rescue friends and co-workers who had been caught in the blast of the explosion. *R. 195, Exh. A., 07/11/08 Affidavit of Aucoin.* Aucoin describes pulling his dead childhood family friend and a badly burned deckhand out of the water. *Id.* He further describes their unsuccessful attempt to rescue an older gentleman who was ultimately burned and crushed between the tugboat and the barge. *Id.* In his attempts to make the rescue, Aucoin states that he suffered seared skin, unbearable heat and had to duck behind the rescue boat's sides to avoid flying debris when he and his coworkers came within twenty-five feet of the flames from the exploding acetylene and diesel tanks. *Id.* The record further includes the affidavit of Dr. Arthur Tarbox, which states that he performed a psychological evaluation of Aucoin on February 2, 2007, and diagnosed Aucoin with Post Traumatic Stress Disorder, Bereavement and Depressive Disorder as a result of the incident. *R. 195, Exh. B, 07/11/08 Affidavit of Tarbox.* Tarbox recommended

ongoing cognitive/behavioral psychotherapy along with psycho tropic medications for at least 3 to 6 months. *Id.*

A motion for summary judgment can only be granted if the pleadings, depositions, and affidavits submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56; see also *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Before a court can find that there are no genuine issues of material facts it must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Ladue v. Chevron, U.S.A., Inc.,* 920 F.2d 272 (5th Cir. 1991). The parties each submit different versions of the relevant facts. A case in such a posture is not properly disposed of by summary judgment. Defendants' motions will thus be denied.